# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LAREN SCHUSTER,                          )
                                         )
              Plaintiff,    )
                                         )
v.                                       )          Case No. 07-1128-JTM
                                         )
AQUILA, INC., and HUNTEL                 )
ENGINEERING, INC.,                       )
                                         )
            Defendants.     )
                                         )
_____ )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the court on the following motions:

    1. Plaintiff's Motion to Compel (Doc. 35);

    2. Plaintiff's Motion to Compel (Doc. 40); and

    3. Defendants' Motion to Compel Plaintiff's Deposition (Doc. 49).

The court's rulings are set forth below.

## Background

This is a personal injury lawsuit. Highly summarized, plaintiff alleges that he was employed by C & L Utility Construction to assist in the installation of cable television and phone lines below power lines. While trimming trees for the phone line, plaintiff came in contact with electrical power lines and was injured. Plaintiff contends that his injuries were

caused by Aquila, the owner of the power lines, and Huntel Engineering, the company that designed and mapped the location of the phone lines.

### Plaintiff's Motion to Compel Discovery From Huntel (Doc. 35)

Plaintiff moves to compel defendant Huntel to (1) fully answer Interrogatory Nos. 2, 5, 7-10, 12, and 14, and (2) produce documents responsive to Production Requests 4, 8, 9, 12, 13, 23, and 29.  No response in opposition has been filed; therefore, the motion shall be granted as an uncontested matter pursuant to D. Kan. Rule 7.4.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel discovery responses from Huntel Engineering **(Doc. 35)** is **GRANTED.**  Huntel shall fully answer the interrogatories and produce the requested documents on or before **January 14, 2008.**

### Plaintiff's Motion to Compel Discovery From Aquila (Doc. 40)

Plaintiff moves to compel Aquila to respond to Interrogatory Nos. 7-10, 12, 18, and 19 and to produce documents requested by Production Request Nos. 2, 8-10 and 13-16. Aquila asserts that supplemental responses have now been provided for Interrogatory Nos. 7-10 and 12 and all of the production requests; therefore, the issue of production concerning those requests are MOOT.  With respect to Interrogatory Nos. 18 and 19, Aquila argues that the requests are overly broad.  Plaintiff filed no reply challenging Aquila's assertions. Accordingly, the court accepts defendant's representation that the supplemental answers to Interrogatory Nos. 7-10 and 12 and supplemental document production are sufficient.

Interrogatory No. 18 asks for information regarding "any other claims made against this defendant in the past 10 years" and Interrogatory No. 19 asks for information concerning any citation by any state or federal agency for safety violations in the past 10 years.  The court agrees that the two interrogatories are overly broad since the interrogatories include disputes and circumstances having nothing to do with the factual allegations described in the complaint.[1]  Accordingly, plaintiff's motion to compel answers to Interrogatory Nos. 18 and 19 shall be DENIED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel Aquila to provide interrogatory answers and document production **(Doc. 40)** is **DENIED.**

### Defendants' Motion to Compel Plaintiff's Deposition (Doc. 49)

Defendants move the court to order plaintiff to appear for deposition on January 21, 2008 at 10:00 at the offices of Wagstaff & Cartmell.  In support of their motion, defendants argue that plaintiff failed to appear for deposition on December 7, 2007 and also canceled the deposition rescheduled for December 12, 2007.  Plaintiff concedes that he failed to appear but argues that weather was a factor.  Plaintiff's counsel also agrees to travel to Kansas City for the January 21 deposition so that defense counsel will not incur additional travel expenses.

The court is satisfied that good cause has been shown for an order directing plaintiff

---

[1]

For example, "claims" would include such irrelevant matters as billing disputes. Moreover, plaintiff filed no reply challenging Aquila's assertion that the two requests are overly broad.

to appear on a specific date and at a specific location for his deposition.  Accordingly, defendants' motion shall be GRANTED.

**IT IS THEREFORE ORDERED** that defendants' motion **(Doc. 49)** is GRANTED. **Plaintiff shall appear at the offices of Wagstaff & Cartmell LLP in Kansas City, Missouri on January 21, 2008 at 10:00 a.m. for deposition.**  Failure to comply may result in the imposition of sanctions, including the dismissal of this case and/or monetary sanctions.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 3rd day of January 2008.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge